Chief Justice Robertson,
delivered the opinion of the Court.
Judge Nicholas did not sit.
By a writing dated Sept. 14th, 1825,-Jonathan Patteson and George Wagley leased to Tho. I. Garret, for the term of two years to commence the first oj November, 1825; “the Greasy Creek Paper Mill with all the necessary apparatus for the purpose of carrying on business of paper making for one vat,” and covenanted to furnish the stock and materials necessary for “makingpaper,” to furnish comfortable cabins for Garret’s family and negroes, and to keep “the mill and apparatus in good repair” during the term, in consideration of a covenant by Garret, to furnish all the hands “necessary and proper in such an establishment, or any other, on the like ■scale” for carrying on, with proper facility, the business of “paper making,” and to deliver to them “two thirds of all the articles manufactured” in the mill during the term.
By a supplemental writing dated July 15th, 1827, (the lessee having, in the mean time, been in the occupancy of the mill since the first of Nov. 1825,) the parties extended the term for five years beyond ' that stipulated in the ofignal article.
On the article thus extended, this suit was brought, August 14th, 1829, by Garret for alleged breaches of their covenant by Patteson and Wagley. Thirty two breaches are assigned in the declaration, all of which may be embraced within the following classes: — 1st. Such as allege a failure to furnish all the apparatus necessary for making paper. 2nd. Such as allege a failure to furnish comfortable cabins and all necessary stock and materials. 3rd. Such as charge a failure to make necessary repairs.
After various and elaborate pleading in matters of law and of fact, issues to the country were concluded, and a verdict and judgment wej-e thereupon rendered in favor of Garret for $200 in damages, to reverse which this appeal is prosecuted.
Covenant 9?natrne¿h naii nrcrssary apparua]f cjes as arSg u" sually em ?n !he ved'tou 16
The assignment of errors complains: 1st, that the declaration is insufficient; 2nd. that the circuit comt erred in sustaining demurrers to pleas 12 and 14, and 3rd, that illegal testimony was admitted on the trial.
I Only two specific objections to the declaration have been suggested, and it is, in our opinion, good unless these, or one of them, be fatal. They are, 1st, that, according to a proper construction of the covenant, (as the appellants insist,) they leased only such articles of necessary apparatus as were at the mill at the date of the lease, or in other words, such of the articles then there as should be necessary, and the declaration charges, as a breach of that stipulation, a failure to procure and deliver to the appellee apparatus not at the mill at the date of the demise, but alleged to be necessary for making paper.
2nd. that the declaration assigns as a breach of the covenant, a failure to furnish some apparatus alleged to be necessary for maknig pasteboard which, according to their interpretation, the appellants say, they never covenanted to furnish.
As is but too often the case in reducing contracts to a written form, the language used in this covenant, is not so appropriate, precise, or intelligible, as to leave no room for doubting what the parties intended.
But the covenant examined altogether, imports, we think, according to a reasonable and consistent interpretation, that the covenantors undertook to furnish, with the mill, all apparatus which might become necessary for manufacturing paper according to the ordinary process usually adopted by conductors of such establishments, and that all such apparatus, whether at the mill, or not, at the date of the contract, was included in the lease. Having repeated, according to its letter and legal effect, so much of the contract as can bear on the point now under consideration,we deem it superfluous to swell this opinion by an analysis of the considerations which, in our opinion, establish the construction of the stipulation to lease the mill and all unecessary apparatus.”
Plea that a portion of a multitude of articles were delivered ai the time and place all were to have been delivered, nota good plea of accord and satisfaction.
This construction overrules the first objection to the declaration. The second is equally unsustainable; 1st, because the breaches to which it applies, do not charge a non-delivery of .apparatus necessary for making pasteboard pierely, but only a non-delivery of apparatus averred to be necessary for making paper, and 2nd. because pasteboard is paper according to the popular and true unqualified import of the latter.
Hence, though the declaration contains such an unusual number of breaches, and though there was a demurrer to each breach, and a general verdict on the whole declaration, there is no error in the opinion of the circuit court on the demurrer to the count nor in its failure to arrest the judgment on the verdict.
II. The 12th plea merely averred a delivery of such apparatus necessary for paper making as was at the mill at the date of the lease. The construction which we have given to the covenant, sustains the judgment of the circuit court on the demurrer to that plea. The 14th plea avers, that the appellee accepted in discharge of the covenant as to the apparatus, such articles as were at the mill at the date of the lease. As a plea of accord and satisfaction, this is not good. A delivery, at the time,.and place ■stipulated, (as averred in this case,) of a part of a multitude of things covenanted to be delivered, cannot be well pleaded as an accord and satisfaction of the entire covenant, and the receiving of part of the stipulated articles cannot be deemed, per se, a waiver of a right to such as were never offered. Consequently, there is no error in the judgment on the demurrer to the 14th plea.
III. On the trial the appellee proved, that a roller, not furnished by the appellants,was necessary for making pasteboard, anti that it was not only customary to make pasteboard at paper mills, but that a great loss in the material would inevitably result from a failure to make pasteboard in a paper manufactory. The appellants objected to tins testimony as incompetent, but their objection was overruled; and this presents the last objection to the judgment.
Parol tcstiXjeX^-ikT& fortify the construction X^erms'of11*' .he covenant no; being contiadicted.
Mills and Brown for appellant; Owsley for appellee.
As “paper" includes all the various qualties of the article thus denominated, and as pasteboard is paper of a coarse and inferior quality, the covenantors were bound to furnish the apparatus necessary for making pasteboard, especially as the parol testimony proved that it had been the custom of paper maleers to manufacture pasteboard at tbeir paper mills, and that the manufacturer of paper would sustain a material loss by failing to make the one with the other. Chis testimony did not enlarge, or contra-diet the covenant, and was, therefore, admissible, Besides, it would have been admissible to aid in, or fortify the construction of the covenant, because it proved, what the custom was, and consequently tended to shew what the parties meant by the comprehensive terms, “paper mill” and “paper making business
Wherefore, the judgment of■ the circuit court is iffirined